# Walthers *v.* Borough of McKees Rocks, Appellant.

*Contracts — Building  contracts — Boroughs — Substantial  performance.*

In an action against a borough to recover the balance of the contract price for building a garbage incinerator, the case is for the jury and a verdict for the plaintiff will be sustained where the defense was noncompliance with the terms of the contract, and the questions at the trial were purely of fact and were submitted to the jury with full and accurate instructions as to substantial performance.

Argued Oct. 21, 1914. Appeal, No. 141, Oct. T., 1914, from judgment of C. P. Allegheny Co., Nov. T., 1911, No. 246, on verdict for plaintiff in case of Charles F. Walthers v. The Borough of McKees Rocks. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover balance of contract price for building a garbage incinerator. Before MACFARLANE, J.

From the record it appears that Charles F. Walthers entered into a contract on April 18, 1911, with the Borough of McKees Rocks to construct a garbage incinerator for $4,600. Certain amounts for extras were to be paid if approved by the borough engineers, and those furnished were so approved. On July 26th the borough started to burn garbage in the furnace and continuously did so until November 22d, but during that time made no test to determine whether the furnace would burn ten tons in ten hours as required by the contract. Defendant contended that the incinerator did not have the capacity for doing the work, and that due to negligence in construction there were cracks in the furnace and the roof broke in. Plaintiff introduced evidence showing that the borough had operated the furnace with inexperienced servants and in a negligent manner, thus producing the defects complained of.

On the question of substantial performance the trial judge charged the jury as follows: "If he (plaintiff) used improper materials, or constructed this improperly, then he has failed in his contract, and yet if he substantially performed it, he would be entitled to recover. That is, if it was a comparatively unimportant matter that could be remedied and charged up against him, where evidence could have been given here of how much it would cost, then he would be entitled to recover, because we have not that evidence. And the same principle, without going into it, applies to the question of the cracks. On the question of the capacity, the test is not what was actually done there, but what could be done if properly handled—if the furnace was properly handled. If it had the capacity to do ten tons in ten hours, that is the end of it, whether it did it or not."

Verdict for plaintiff for $3,181.83, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court, and in refusing defendant's motions for a new trial and judgment n. o. v.

*R. S. Martin,* with him *Edward F. Duffy,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

PER CURIAM, January 2, 1915:

This action was to recover the balance of the contract price for building a garbage incinerator. The defense was noncompliance with the terms of the contract as to the character of the work done and the capacity of the incinerator. The questions at the trial were purely of fact and they were submitted to the jury with full and

accurate instructions in relation to substantial performance.

The judgment is affirmed.